# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

LEVI GIBBS III,

          Petitioner,

vs.

UNITED STATES OF AMERICA,

          Respondent.

No. C14-3009-MWB
No. CR10-3011-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

_____

## TABLE OF CONTENTS

*I.*    **INTRODUCTION AND BACKGROUND**.................................................. 1
    *A.*    ***Criminal Case Proceeding*** ........................................................ 2
    *B.*    ***Petitioner's § 2255 Motion*** ..................................................... 2
*II.*   **LEGAL ANALYSIS** ....................................................................... 3
    *A.*    ***Standards For § 2255 Relief*** .................................................... 3
        *1.*    *Grounds for relief* ............................................................ 3
        *2.*    *Standards for an evidentiary hearing*................................. 6
    *B.*    ***Standards For Ineffective Assistance Of Counsel Claims***................... 7
    *C.*    ***Gibbs's Claim*** ................................................................... 9
    *D.*    ***Certificate Of Appealability*** .................................................. 10
*III.*  **CONCLUSION** ........................................................................... 11

## I.    INTRODUCTION AND BACKGROUND

This case is before me on petitioner Levi Gibbs III's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Gibbs

asserts that his counsel provided him with ineffective assistance in failing to file an appeal on his behalf. The respondent denies that Gibbs is entitled to relief on his claim.

### A. Criminal Case Proceeding

On April 22, 2010, an Indictment was returned against Levi Gibbs III, charging him with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 14, 2010, Gibbs pleaded guilty to Count 1 of the Indictment. There was no plea agreement. On March 21, 2011, Gibbs was sentenced to 12 months and one day imprisonment to be served concurrently with his undischarged state sentence and three years of supervised release. Gibbs did not appeal his sentence or conviction.

On October 1, 2012, Gibbs was sentenced to an additional seven months imprisonment and one year of supervised release following a violation of the terms of his supervised release. On August 1, 2013, Gibbs was sentenced again to an additional 24 months imprisonment and five months of supervised release following violations of the terms of his second period of supervised release. On October 24, 2013, Gibbs filed a *pro se* notice of appeal regarding the Amended Revocation Judgment which was dismissed by the Eighth Circuit Court of Appeals as untimely.

### B. Petitioner's § 2255 Motion

On February 7, 2014, Gibbs filed his Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 asserting three claims for relief: (1) that his counsel was ineffective for failing to file a notice of appeal; (2) that he was never convicted of a Grade A violation while on supervised release; and (3) his 24 month

2

sentence was unreasonable.  After the respondent filed its answer, I directed the Clerk of Court to appoint counsel to represent Gibbs and directed Gibbs, with the aid of counsel, to brief Gibbs's claims for relief.  In his brief, Gibbs concedes that his arguments regarding the Grade A violation and unreasonable sentence are not cognizable under § 2255, leaving only his ineffective assistance of counsel claim for failing to file an appeal.  After an extension of time to do so, respondent filed a timely response to Gibbs's § 2255 motion.  In its response, respondent denies that Gibbs is entitled to any relief on his ineffective assistance of counsel claim and requests that Gibbs's § 2255 Motion be denied without an evidentiary hearing.  Buttressing its position, respondent has attached the affidavit of Gibbs's previous defense counsel, Alexander M. Esteves.  Esteves avers that Gibbs did not request or contact him requesting an appeal to be filed within the 14 day deadline. Rather, Esteves swears that he received a letter from Gibbs after the appeal deadline had run in which Gibbs stated that he noticed an appeal had not been filed.  Esteves Aff. ¶ 4.  Esteves wrote Gibbs back and informed him that Gibbs never advised counsel that he wanted to appeal.  Esteves Aff. at ¶ 5.  Gibbs has not filed a reply brief nor has he supplemented his § 2255 motion with an affidavit contesting Esteves's affidavit.

## II.    *LEGAL ANALYSIS*

### A.    *Standards For § 2255 Relief*

I begin my analysis with a summary of the standards generally applicable to Gibbs's claim for § 2255 relief.

#### 1.    *Grounds for relief*

"Section 2255 [of Title 28 of the United States Code] 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'"  *Sun Bear v.*

*United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). Nevertheless, "[l]ike habeas corpus, this remedy 'does not encompass all claimed errors in conviction and sentencing.'" *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Specifically, § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, § 2255 "provides a remedy for jurisdictional and constitutional errors," but "[b]eyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Sun Bear*, 688 F.3d at 704 (quoting *Addonizio*, 442 U.S. at 185, in turn quoting *Hill v. United States*, 368 U.S. 424, 428 (1962); *accord Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) ("'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.'" (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Where an issue *was* raised, considered, and rejected on the merits on direct appeal, "it may not be raised in a motion for post-conviction relief under 28 U.S.C. § 2255 or § 2241." *United States v. Rhodes*, 730 F.3d 727, 731 (8th Cir. 2013). Also, where a

claim *was not* raised on direct appeal, it generally may not be raised in a § 2255 motion. *Walking Eagle*, 742 F.3d at 1082. A petitioner may overcome "procedural default" from failure to raise a claim on direct appeal, however, if the petitioner establishes both "'cause for the procedural default and actual prejudice resulting from the error.'" *Id*. (quoting *Apfel*, 97 F.3d at 1076, in turn citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "'Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice.'" *Id*. (quoting *Apfel*, 97 F.3d at 1076)). Indeed, "ineffective assistance of counsel" claims are not procedurally defaulted when brought for the first time pursuant to § 2255. *Massaro v. United States*, 538 U.S. 500, 508 (2003). The Eighth Circuit Court of Appeals has also expressly recognized that a claim of "ineffective assistance of counsel" should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, when I can construe a petitioner's claim as a claim of ineffective assistance of counsel, I will consider that claim on the merits.

Not only does ineffective assistance of counsel establish "cause and prejudice" to overcome procedural default, in my experience, such claims are far and away the most common claims for § 2255 relief. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel not only at trial, but at sentencing, on direct appeal, and during other "critical" phases of the criminal proceedings. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010) (negotiation of a plea bargain); *Burger v. Kemp*, 483 U.S. 776, 803–04 (1987) (pretrial plea negotiations); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (direct appeal); *Gardner v. Florida*, 430 U.S.

5

349, 358 (1977) (sentencing). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). I will consider the standards applicable to an "ineffective assistance of counsel claim" in more detail, after I summarize the standards for holding an evidentiary hearing in a § 2255 case.

## 2. *Standards for an evidentiary hearing*

One further procedural matter that is often of considerable importance in § 2255 proceedings is the standard for an evidentiary hearing. As the Eighth Circuit Court of Appeals recently explained,

> "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." [*Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013)]. "The district court is not permitted to make a credibility determination on the affidavits alone." *Id*. at 1206.

*United States v. Sellner*, 773 F.3d 927, 929 (8th Cir. 2014). Indeed, "'[w]here petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'" *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (citing *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007), in turn quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)).

On the other hand,

> [The district court] may . . . deny an evidentiary hearing if "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

> statements of fact." [*Thomas*, 737 F.3d] at 1206–07
> (alterations in original) (quoting *Buster v. United States*, 447
> F.3d 1130, 1132 (8th Cir.2006)).

*Sellner*, 773 F.3d at 929-930; *accord Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014) (citing 28 U.S.C. § 2255(b)); *Franco*, 762 F.3d at 763; *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

The district court's denial of an evidentiary hearing is reviewed for abuse of discretion. *Sellner*, 773 F.3d at 929; *see also United States v. Fausto*, 754 F.3d 640, 642 (8th Cir. 2014) (explaining that, to determine whether the district court abused its discretion in denying an evidentiary hearing, the court must review *de novo* the validity of a petitioner's § 2255 claims).

### B.    Standards For Ineffective Assistance Of Counsel Claims

Gibbs's sole remaining claim for § 2255 relief is a claim for "ineffective assistance of counsel." Thus, I turn, next, to the standards applicable to such claims.

As the Eighth Circuit Court of Appeals has explained,

> "Normally, in order to succeed on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Sweeney v. United States*, 766 F.3d 857, 859-60 (8th Cir. 2014). These two prongs require some further explication.

"Deficient" performance is performance that falls "'below an objective standard of reasonableness,'" *Lafler v. Cooper*, ___ U.S. ___, ___, 132 S. Ct. 1376, 1384 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)), that is, conduct that failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). Thus, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687)).

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). The Court has explained more specifically what a "reasonable probability" means:

> "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [*Strickland*, 466 U.S. at 694]. That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ___, 131 S. Ct., at 791.

*Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). As the Eighth Circuit Court of Appeals has explained, however,

> [P]rejudice may be presumed when the defendant experiences a "complete denial of counsel" at a critical stage of his trial. *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). "[T]he trial is the paradigmatic

> critical stage." *United States v. Turner*, 975 F.2d 490, 496
> (8th Cir.1992).

*Sweeney*, 766 F.3d at 859-60.

I turn now to consideration of Gibbs's ineffective assistance of counsel claim under these standards.


### C.    *Gibbs's Claim*

The sole ground for relief briefed by Gibbs's § 2255 counsel is Gibbs's claim that defense counsel failed to file a notice of appeal for Gibbs.  Respondent denies that Gibbs is entitled to an evidentiary hearing or any relief on this claim.  As the Eighth Circuit Court of Appeals has explained,

> An attorney's failure to file a notice of appeal upon the
> client's request constitutes ineffective assistance of counsel,
> and no specific showing of prejudice is required. *Watson v.*
> *United States*, 493 F.3d 960, 963–64 (8th Cir.2007) (citing
> *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 483–84, 120 S.Ct.
> 1029, 145 L.Ed.2d 985 (2000)). Even if the client waived his
> right to appeal as part of a plea agreement, prejudice is
> presumed if the client asked his attorney to file a notice of
> appeal and the attorney did not do so. *Id*. at 964.

*Sellner*, 773 F.3d at 930.  Indeed, where a defendant instructed his or her counsel to file an appeal, and forfeited his or her right to appeal because counsel did not do so, "[t]he court need not inquire into whether the intended appeal would be meritorious or likely to succeed." *Watson*, 493 F.3d at 964.

In *Sellner*, the court found that a petitioner's written statement, in support of her § 2255 motion, that she had asked her attorney to appeal was not self-contradictory and contained similar specificity to her trial counsel's affidavit denying that any such request

was ever made. Thus, the court held that trial counsel's affidavit was insufficient to support a finding that the petitioner's allegations could not be accepted as true, but, instead, required an evidentiary hearing. *Sellner*, 773 F.3d at 930. However, for such a claim to succeed, Gibbs must show that he manifestly instructed his counsel to file an appeal. *See Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014). Counsel is not required to file an appeal without instructions to do so. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

Here, Gibbs has not alleged that he asked his counsel to file an appeal before the time to do so had run. The situation, here, is the complete opposite of that in *Sellner*. I am faced with only defense counsel's sworn affidavit asserting that Gibbs never directed counsel to file a timely appeal and made no inquiry about the filing of an appeal until after the deadline for doing so had passed. Gibbs has not contested his former counsel's affidavit in anyway. Thus, I find that Gibbs has not alleged facts showing deficient performance by his counsel. *See United States v. Saucillo*, No. CR03–4018, 2007 WL 522228, at *2–4 (N.D. Iowa Feb. 14, 2007). Accordingly, Gibbs is not entitle to relief and his § 2255 motion is denied.

## D.     *Certificate Of Appealability*

Gibbs must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently,

or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Gibbs's motion does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Gibbs's claim, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Gibbs wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

## III.  CONCLUSION

For the reasons discussed above, Gibbs's Motion under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.
**DATED** this 17th day of August, 2015.

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA